**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **ADAM SOLOMON**, <br> 534 East Rich Street, Unit 20 <br> Columbus, Ohio 43215, <br><br> Plaintiff, <br><br> vs. <br><br> **MKRDY COLUMBUS LLC D/B/A HANK'S LOW COUNTRY SEAFOOD AND RAW BAR,** <br> c/o Statutory Agent Cogency Global Inc. <br> 3958-D Brown Park Drive <br> Hilliard, Ohio 43026 <br><br> Defendant. | Case No. 2:24-cv-3833 <br><br> Date filed: August 12, 2024 <br><br> **JURY DEMAND ENDORSED HEREON** |

## AMENDED COMPLAINT

NOW COMES Plaintiff Adam Solomon ("Plaintiff") and proffers this Complaint for damages against MKRDY Columbus LLC d/b/a Hank's Low Country Seafood and Raw Bar ("Defendant").

**JURISDICTION AND VENUE**

1. This action is brought pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* ("ADA"), and the Ohio Laws Against Discrimination, O.R.C. Chapter 4112 ("Chapter 4112"), and 28 U.S.C. §1331 and §1343(4). This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the law of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

2. Venue is proper in this forum pursuant to 28 U.S.C. §1391 because the Defendant

1

is based in Franklin County, Ohio and Plaintiff entered into an employment relationship with Defendant in the Southern District of Ohio.

## PARTIES

3. This action is brought by Adam Solomon. At all times material herein, Plaintiff resided in the Southern District of Ohio and is a resident of Franklin County, Ohio.

4. Defendant MKRDY Columbus LLC is a Delaware limited liability company operating Hank's Low Country Seafood and Raw Bar restaurant: 6 W Gay St, Columbus, Ohio 43215. Defendant was Plaintiff's employer at all times material herein and has employed more than fifteen (15) people at all relevant times herein.

## FACTS

5. Plaintiff began his employment with Defendant on or about February 1, 2024, as a General Manager of Hank's Low Country Seafood and Raw Bar restaurant.

6. In or around April 2024, Plaintiff began working closely with Asdren Azemi, Defendant's consultant.

7. From the beginning of their working relationship in April 2024, Mr. Azemi started offensive and harmful conduct towards Plaintiff. Mr. Azemi often mistreated, berated, and insulted Plaintiff.

8. Plaintiff reported incidents with Mr. Azemi to Amanda McFarland, Defendant's VP of Operations, and Andres Jimenez, Defendant's Senior Vice President.

9. Ms. McFarland and Mr. Jimenez did not take any action to address Mr. Azemi's conduct in the workplace.

10. Mr. Azemi continued harassing, bullying, insulting, and otherwise offending and

harming Plaintiff through April, May, and June 2024.

11. Mr. Azemi created a hostile work environment for Plaintiff, belittling, berating, and degrading Plaintiff at every opportunity.

12. For example, on or about April 26, 2024, Plaintiff was investigating an incident involving two employees and reported his findings to Ms. McFarland and Mr. Azemi. Plaintiff approached Mr. Azemi to discuss his findings, but Mr. Azemi began swearing and insulting Plaintiff in the dining room. When Plaintiff asked Mr. Azemi to calm down, Mr. Azemi threatened him with termination, using rude expressions.

13. On or about May 10, 2024, Plaintiff was discussing work matters with other colleagues and suggested creating specialty food to get one executive chef more involved in the restaurant operations. Mr. Azemi demurred to this idea, criticized Plaintiff with insolent words, and told Plaintiff that he must fall in line.

14. Shortly after that, Plaintiff reported this incident to Mikia Brown, Defendant's VP of People and Culture. Plaintiff referred to Defendant's handbook and highlighted that Mr. Azemi's behavior contradicts Defendant's proclaimed values. Ms. Brown was unable to assist Plaintiff and referred him to Ms. McFarland.

15. On or about May 16, 2024, Plaintiff met with Ms. McFarland. Among other things, Ms. McFarland positively characterized Plaintiff's performance and announced that he would receive a $4,000.00 discretionary bonus for good work. She discussed with Plaintiff expectations of his further performance in order to get the next quarter's bonus.

16. On or about May 23, 2024, Plaintiff met with Ms. McFarland again. Plaintiff one more time complained that the issues had escalated significantly with Mr. Azemi. Ms. McFarland told him to work this out directly with Mr. Azemi.

17. On or about May 24, 2024, Plaintiff approached Mr. Azemi to discuss issues that Mr. Azemi has with Plaintiff. Plaintiff could not have any constructive dialogue with Mr. Azemi, since Mr. Azemi started swearing and humiliating Plaintiff. Mr. Azemi told Plaintiff that he should quit because he was going to get him fired.

18. In late May - June 2024 Mr. Azemi put Plaintiff under extreme psychological pressure to worsen the hostile work environment and attacked him on each occasion.

19. For example, on or about June 4, 2024, Plaintiff was discussing the schedule with multiple people, including another manager, Kate Tagliaferro. Mr. Azemi publicly called Plaintiff worthless and a loser and berated him.

20. On or about June 5, 2024, Plaintiff contacted Ms. Brown once again to complain about Mr. Azemi's behavior. Plaintiff said that he tried to settle the issue directly with Mr. Azemi, but it did not help. Plaintiff told Ms. Brown that he fears making further complaints out of losing his job.

21. On or about June 11, 2024, Plaintiff was in the restaurant's office with the local HR Manager, Billy Battle. Plaintiff received a text message from a server that she was having a major issue with Mr. Azemi. Mr. Azemi came to the office and told Plaintiff and Mr. Battle that he was about to fire this server and that Plaintiff was worthless and couldn't do it himself. Mr. Azemi continued offending both Plaintiff and Mr. Battle. Plaintiff and Mr. Battle immediately called Ms. Brown for advice. She told them to leave the restaurant for a few hours to let Mr. Azemi calm down. Plaintiff and Mr. Battle followed her advice, but when they returned, Mr. Azemi continued his offensive behavior towards Plaintiff.

22. On or about June 15, 2024, Plaintiff wrote a statement about the incident at Ms. Brown's request.

23. In or around June 2024, because of the pressure caused by Mr. Azemi and Defendant's appeasement of his conduct, Plaintiff lost the ability to sleep and eat properly and developed severe mental distress.

24. On or about June 22, 2024, because of continued psychological pressure and emotional distress, Plaintiff attempted to hurt himself.

25. On or about June 23, 2024, Plaintiff informed Defendant that he was having a hard time and needed medical attention, but he couldn't go to the hospital because Defendant failed to provide him with the promised health insurance.

26. Plaintiff used to have health insurance from Defendant's employee benefits package, but in June 2024, Defendant unilaterally canceled it.

27. On or about June 24, 2024, Plaintiff sought medical help and was admitted to the hospital for inpatient treatment for a mental breakdown.

28. Plaintiff developed a mental impairment that substantially limited his major life activities, including sleeping, eating, and concentrating, and prevented him from being able to work.

29. The mental impairment that Plaintiff developed made him take medical leave as a reasonable accommodation.

30. On or about June 24, 2024, Plaintiff informed Ms. Brown that he was admitted to the hospital and needed his health insurance fixed as soon as possible.

31. On or about June 24, 2024, Plaintiff informed Defendant about his disability and requested accommodation in the form of a medical leave of absence.

32. On or about June 24, 2024, Plaintiff informed Ms. Brown that he has a medical condition that makes him unable to work and requires immediate medical accommodation.

5

33. On or about June 24, 2024, Plaintiff informed Ms. Brown that he needed accommodation in the form of a medical leave of absence to treat his condition.

34. On or about June 24, 2024, Ms. Brown acknowledged receipt of Plaintiff's request and assured that Defendant "will plan coverage for the restaurant so [Plaintiff] doesn't have to worry".

35. On or about June 27, 2024, Plaintiff reached out to Ms. Brown, providing her with a doctor's note. The doctor wrote that Plaintiff should not return to work until July 2, 2024, and recommended a full 30 days off of work.

36. On or about June 27, 2024, Ms. Brown emailed Plaintiff that the team supports his return on July 2, 2024, but if he wishes to request additional leave, he needs to submit a request that will be considered on business needs.

37. On or about July 1, 2024, Plaintiff emailed Defendant that he would be at work on July 2, 2024.

38. On or about July 2, 2024, Ms. McFarland met with Plaintiff and informed him that he was being terminated for performance issues. She also informed Plaintiff that Defendant will apply his paid time off to all time he was absent.

39. On or about July 2, 2024, Ms. Brown sent Plaintiff an email with information about free mental health apps for participants of Defendant's employee assistance program.

40. On or about August 2, 2024, Plaintiff filed a charge of discrimination with the EEOC and Ohio Civil Rights Commission. In the Charge, Plaintiff alleged that he had been discriminated against on the basis of his disability and that Defendant retaliated for taking medical leave and requesting an accommodation of medical leave in violation of the ADA.

41. At all times material herein, Defendant acted willfully, maliciously and in

conscious and/or reckless disregard for Plaintiff's rights, with great probability that its acts and omissions would cause substantial harm to Plaintiff.

42. As a direct and proximate result of Defendant's acts and omissions described herein, Plaintiff has suffered from substantial harm, including lost compensation, lost benefits, other economic losses and has suffered from severe emotional distress. Plaintiff expects to suffer emotional, economic, and other damages in the future.

43. Plaintiff filed charge of discrimination with the Equal Employment Opportunity Commission: Charge No. 532-2024-04185. Plaintiff has complied with all jurisdictional prerequisites to the filing of this lawsuit and Plaintiff's Complaint was filed within ninety (90) days of Plaintiff's receipt of the notice of right-to-sue letter from the Equal Employment Opportunity Commission, copy of which is appended hereto as Exhibit A.

## **FIRST CAUSE OF ACTION**

**(Disability Discrimination – Americans with Disabilities Act)**

44. All of the preceding paragraphs are realleged as if fully rewritten herein.

45. This claim is brought under federal law, pursuant to 42 U.S.C. § 12101, et seq., and as defined in 42 U.S.C. § 12101.

46. Plaintiff is an otherwise qualified individual.

47. Defendants knew or had reason to know Plaintiff suffered from a disability, and/or regarded him as disabled.

48. Plaintiff's disability made him substantially limited in his ability to perform several major life functions and/or Defendant perceived Plaintiff's medical condition substantially limited his ability to perform major life functions.

49. Defendant was aware of the difficulties suffered by Plaintiff as a result of his disability.

50. Defendant discriminated against Plaintiff because of his disability by taking the following non-exhaustive list of actions: creating a hostile work environment, terminating Plaintiff's employment, retaliating against Plaintiff for taking a medical leave accommodation and requesting an accommodation of medical leave, and/or by otherwise discriminating against him in the terms, privileges, and conditions of employment.

51. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to serious emotional distress and the loss of salary, benefits and other terms, privileges, and conditions of employment for which Defendant is liable.

52. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

**SECOND CAUSE OF ACTION**

**(Disability Discrimination – O.R.C. §4112.02)**

53. All of the preceding paragraphs are realleged as if fully rewritten herein.

54. This claim is brought under Ohio law.

55. At all times relevant therein, Plaintiff was a qualified individual.

56. While in Defendant's employ, Plaintiff developed an impairment within the meaning of Section 4112.01(A)(16) of the Ohio Revised Code.

57. While in Defendant's employ, Plaintiff developed a disability within the meaning of Section 4112.01(A)(13) of the Ohio Revised Code.

58. Defendant knew Plaintiff became disabled.

59. Defendant was aware of the difficulties suffered by Plaintiff as a result of his disability, and/or regarded Plaintiff as having an impairment limiting major life activities.

60. Plaintiff's disability caused him severe difficulties with working, and/or made him unable to work.

61. Defendant discriminated against Plaintiff because of his disability by taking the following non-exhaustive list of actions: creating hostile work environment, retaliating against him, terminating his employment, and/or by otherwise discriminating against him in the terms, privileges, and conditions of employment.

62. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering and the loss of salary, benefits and other terms, privileges, and conditions of employment for which Defendant is liable.

63. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

### THIRD CAUSE OF ACTION
**(Retaliation – Americans with Disabilities Act)**

64. All of the preceding paragraphs are realleged as if fully rewritten herein.

65. This claim is brought under federal law, pursuant to 42 U.S.C §12101, *et seq,* as amended.

66. Plaintiff engaged in a protected activity by requesting reasonable accommodation for his disability and using medical leave accommodation.

67. Defendant knew that Plaintiff engaged in such protected activity.

68. Once Plaintiff engaged in the aforementioned protected activity, Defendant purposefully retaliated against him by terminating Plaintiff's employment.

69. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering and the loss of salary, benefits and other terms, privileges, and conditions of employment for which Defendant is liable.

70. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## FOURTH CAUSE OF ACTION

### (Retaliation – O.R.C. §4112.02)

71. All of the preceding paragraphs are realleged as if fully rewritten herein.

72. This claim is brought under Ohio law.

73. Plaintiff engaged in a protected activity by requesting reasonable accommodation for his disability and taking medical leave accommodation.

74. Defendant knew that Plaintiff engaged in such protected activity.

75. Once Plaintiff engaged in the aforementioned protected activities, Defendant purposefully retaliated against him by terminating Plaintiff's employment.

76. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering and the loss of salary, benefits and other terms, privileges, and conditions of employment for which Defendant is liable.

77. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

WHEREFORE, Plaintiff respectfully requests that he be awarded back pay and benefits, reinstatement or front pay and benefits, pre-judgment interest, post-judgment interest, compensatory damages, punitive damages, liquidated damages, attorneys' fees, expert witness fees and costs of this action, and any other relief which the Court deems just and appropriate.

Respectfully submitted,

/s/ *Greg R. Mansell*
Greg R. Mansell (0085197)
(Greg@MansellLawLLC.com)
Carrie J. Dyer (0090539)
(Carrie@MansellLawLLC.com)
Rhiannon M. Herbert (0098737)
(*Rhiannon@MansellLawLLC.com*)
**Mansell Law, LLC**
1457 S. High St
Columbus, Ohio 43207
Telephone: (614) 796-4325
Fax: (614) 547-3614

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a jury of eight (8) persons.

/s/ *Greg R. Mansell*
Greg R. Mansell (0085197)