**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **ADAM SOLOMON**, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:24-cv-03833 |
| | : | |
| v. | : | Judge Edmund A. Sargus |
| | : | |
| **MKRDY COLUMBUS LLC d/b/a** | : | Magistrate Judge Kimberly A. Jolson |
| **HANKS LOW COUNTY SEAFOOD** | : | |
| **AND RAW BAR,** | : | |
| | : | |
| Defendant. | : | |

## **ANSWER**

Defendant MKRDY Columbus LLC d/b/a Hank's Low Country Seafood and Raw Bar, for its Answer to the Amended Complaint, states as follows:

### **JURISDICTION AND VENUE**

1. Defendant admits that Plaintiff's claims are brought under the referenced statutes and that this Court has jurisdiction over Plaintiff's claims. Defendant denies that Plaintiff's claims have any merit, denies that he is entitled to relief of any kind, and denies the remaining allegations in paragraph 1.

2. Admitted.

### **PARTIES**

3. Defendant admits this action is brought by Adam Solomon. Defendant denies the remaining allegations in paragraph 3 for lack of knowledge.

4. Admitted.

1

**FACTS**

5. Admitted.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Defendant admits that Plaintiff received a $4,000 bonus, minus applicable taxes, and that Ms. McFarland discussed performance expectations with Plaintiff. Defendant denies the remaining allegations in paragraph 15.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Defendant admits that Plaintiff contacted Ms. Brown and informed her that he had an issue with Mr. Azemi. Defendant denies the remaining allegations in paragraph 20.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied for lack of knowledge.

28. Denied for lack of knowledge.

29. Denied for lack of knowledge.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Admitted.

36. Defendant admits that Ms. Brown emailed Plaintiff on or about June 27, 2024. The email speaks for itself, and Defendant denies any allegations in paragraph 36 that are inconsistent with the email and any remaining allegations in paragraph 36.

37. Admitted.

38. Defendant admits the first sentence in paragraph 38. Defendant denies the remaining allegations in Paragraph 38.

39. Defendant admits that Ms. Brown emailed Plaintiff on or about July 2, 2024. The email speaks for itself, and Defendant denies any allegations in paragraph 39 that are inconsistent with the email and any remaining allegations in paragraph 39.

40. Defendant admits that Plaintiff filed a Charge of Discrimination. The Charge speaks for itself, and Defendant denies any allegations in paragraph 40 that are inconsistent with the Charge and the remaining allegations in paragraph 40.

41. Denied.

42. Denied.

43. Defendant admits that Plaintiff filed a Charge of Discrimination. The Charge speaks for itself, and Defendant denies any allegations in paragraph 43 that are inconsistent with the Charge. Defendant denies the remaining allegations in paragraph 43 for lack of knowledge.

## FIRST CAUSE OF ACTION

### (Disability Discrimination – Americans with Disabilities)

44. All preceding paragraphs are incorporated by reference as if fully restated herein.

45. Defendant admits that Plaintiff's claim is brought under the referenced statute and denies the remaining allegations in paragraph 45.

46. Paragraph 46 asserts a legal conclusion to which no response is necessary. To the extent a response is necessary, denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

## SECOND CAUSE OF ACTION

### (Disability Discrimination – O.R.C. § 4112.02)

53. All preceding paragraphs are incorporated by reference as if fully restated herein.

54. Defendant admits that Plaintiff's claim is brought under Ohio law and denies the remaining allegations in paragraph 54.

55. Paragraph 55 asserts a legal conclusion to which no response is necessary. To the extent a response is necessary, denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

## THIRD CAUSE OF ACTION

### (Retaliation – Americans with Disabilities Act)

64. All preceding paragraphs are incorporated by reference as if fully restated herein.

65. Defendant admits that Plaintiff's claim is brought under the referenced statute and denies the remaining allegations in paragraph.

66. Denied.

67. Denied.

68. Denied.

5

69. Denied.

70. Denied.

## FOURTH CAUSE OF ACTION

### (Retaliation – O.R.C. § 4112.02)

71. All preceding paragraphs are incorporated by reference as if fully restated herein.

72. Defendant admits that Plaintiff's claim is brought under Ohio law and denies the remaining allegations in paragraph 72.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Defendants deny all allegations not specifically admitted herein.

## DEFENSES

Defendant asserts the following defenses, without prejudice to its rights to argue that Plaintiff bears the burden of proof as to any and all defenses.

### FIRST DEFENSE

Plaintiff's Amended Complaint fails to state a claim for which relief can be granted.

### SECOND DEFENSE

Plaintiff has failed to mitigate damages, if any.

### THIRD DEFENSE

Plaintiff's claim for damages is barred, in whole or in part, by offset, payment, or compensation and benefits received by Plaintiff.

**FOURTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because there was an overriding legitimate business justification for Defendant's decisions.

**FIFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Defendant applied its business judgment, acted at all times in good faith, and had legitimate, non-discriminatory reasons for employment actions that were unrelated to Plaintiff's disability or protected activity.

**SIXTH DEFENSE**

Plaintiff's claims fail, in whole or in part, because Defendant treated Plaintiff lawfully and in good faith compliance with all applicable rules, regulations, and laws.

**SEVENTH DEFENSE**

Pleading in the alternative, to the extent that Plaintiff is able to prove to the satisfaction of the trier-of-fact that any improper motive was a factor in relevant employment decisions, Defendant would have made the same employment decisions regarding Plaintiff regardless of any alleged improper motive.

**EIGHTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, release and/or unclean hands.

**NINTH DEFENSE**

Plaintiff's claim for punitive damages is barred to the extent that the amount sought may violate substantive and procedural safeguards guaranteed to Defendant by the United States and Ohio constitutions. Plaintiff's claim for punitive damages is further barred to the extent that the imposition of such damages is not rationally related to, or is grossly excessive in relation to,

legitimate federal and state interests. Regardless, Defendant has made good faith efforts to comply with the law, thereby precluding recovery of such damages.

## **TENTH DEFENSE**

To the extent Plaintiff suffered any damages or losses for which Plaintiff seeks to hold Defendant responsible, those damages or losses were caused in whole or in part by Plaintiff's own acts, conduct, or omissions or the acts, conduct, or omissions of third parties.

## **ELEVENTH DEFENSE**

Defendant made reasonable and good faith efforts to comply with state and federal discrimination and retaliation laws. Although no unlawful discrimination or retaliation occurred, any alleged unlawful actions were contrary to Defendant's good faith efforts to comply with state and federal laws.

## **TWELFTH DEFENSE**

Plaintiff's Complaint must be dismissed to the extent Plaintiff's claims are untimely and/or barred, in whole or in part, by the applicable statute(s) of limitations.

## **THIRTEENTH DEFENSE**

Plaintiff's claims for damages must be barred or limited to the extent after-acquired evidence demonstrates that Plaintiff engaged in conduct which would have otherwise resulted in termination of employment.

## **FOURTEENTH DEFENSE**

Plaintiff's claims fail, in whole or in part, to the extent that Plaintiff has failed to utilize and exhaust available administrative remedies, satisfy any prerequisites to suit, and/or to the extent the claims are barred by the election of remedies doctrine.

**FIFTEENTH DEFENSE**

Plaintiff's claims are barred to the extent the claims may be beyond the scope of the underlying EEOC and Ohio Civil Rights Commission ("OCRC") charge, are not like, or related to, said charge, and/or were not investigated or reasonably could have been investigated by the EEOC or the OCRC as a result of the charge.

**SIXTEENTH DEFENSE**

Accommodation could not reasonably be made for Plaintiff's alleged disability that would have enabled Plaintiff to perform the essential functions of the job or meet other job-related requirements without imposing significant difficulty or expense on Defendant's business.

**SEVENTEENTH DEFENSE**

Defendant made reasonable accommodations available to Plaintiff, which Plaintiff rejected.

**EIGHTEENTH DEFENSE**

Plaintiff's alleged disability would have presented significant risk of substantial harm to Plaintiff or others if Plaintiff would have been allowed to work in the job in which Plaintiff was employed.

**NINETEENTH DEFENSE**

To the extent Plaintiff's alleged disability would have resulted in Plaintiff posing a direct threat to the health or safety of Plaintiff or others, Plaintiff is not entitled to recover from Defendant.

**TWENTIETH DEFENSE**

Plaintiff's claims for emotional distress, if any, are preempted by the workers' compensation law.

**TWENTY-FIRST DEFENSE**

Plaintiff's damage claims are subject to all statutory exclusions and limitations applicable to claims under applicable federal or state statutes.

**TWENTY-SECOND DEFENSE**

At all times pertinent herein, Plaintiff was not a qualified individual with a disability within the meaning of the ADA or O.R.C. § 4112 et seq.

**TWENTY-THIRD DEFENSE**

Defendant reserves the right to assert such other defenses and affirmative defenses as may arise during the course of this litigation.

Defendant MKRDY Columbus LLC d/b/a Hank's Low Country Seafood and Raw Bar respectfully requests that the Court dismiss Plaintiff's Amended Complaint with prejudice, award Defendant its costs and fees and award Defendant such other relief the Court deems just and proper.

Respectfully submitted,

*/s/ Robert D. Shank*
Robert D. Shank (0069229)
Jesse K. Daley (99308)
JACKSON LEWIS P.C.
201 E. Fifth Street, 26th Floor
Cincinnati, OH  45202
Telephone:  (513) 898-0050
Facsimile:   (513) 898-0051
robert.shank@jacksonlewis.com
jesse.daley@jacksonlewis.com

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was electronically filed and served upon all counsel of record through the Court's Case Management and Electronic Case Filing (CM/ECF) system on October 11, 2024.

                                      */s/ Robert D. Shank*
                                      Robert D. Shank

4888-3231-6903, v. 1